UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

CLERK'S OFFICE

2020 OCT -6 PM 4:32

U.S. DISTRICT COURT
DIST. OF MASS.

JOANN JONES                                    USDC.C.A.No.

V.

COMMONWEALTH OF MASSACHUSETTS

## VERIFIED COMPLAINT:

**INTRODUCTIONS:**

Plaintiff Joann Jones files this civil actions for the violations of her federal constitutional rights in the unlawful search of her premises and destruction of her personal property stemming from Defendants deployment of a flash grenaded on the first floor residence that sparked a fire that spreaded throughout the housing units at 190 Belleville St New Bedfor Ma. Resulting in homelessness for Plaintiff and her five year old son for several months.

## JURISDICTION:

Juridiction is invoked under 42 USC §1983 and 28 USC §1331, §1343 and pendent juridiction of state law claims.

## PARTIES:

1.   Plaintiff Joann Jones, who is a resident and citizen of the Commonwealth of Massachusetts.

2.   Defendant Daniel Bennet was the former Secretary of the Executive office of Public Safety and Security, a political subdivision of the Commonwealth of Massachusetts with an office, located at McCormick Building, One Ashburton Place, Suite 2133, Boston Ma 02108 (hereafter Bennet), he is being sued in his official capacity as Security of Public Safety. Bennet is responsible for the administration and oversight of the New Bedford Police Department. Said Responsbilities included but not limited to pre-employment screening of prospective management, the hiring and training of officers, preparation and implementation of policies and procedures governing the duties and performance of supervisory and nonsupervisory personnel and independent contractors, and the safety and security of citizens and their property.

3. Defendant Executive office of Public Safety is a political subdivision of the Commonwealth of Massachusetts with an office located at McCormick Building, One Ashburton Place, Suite 2133, Boston Ma. 02108, whose surbordinates are the New Bedford Police Department/

4. Defendant the Commonwealth of Massachusetts New Bedford Police Department is an agency of the Commonwealth of Massachusetts withan office located at 871 Rockdale Avenue, New Bedford, Ma 02740 .The New Bedford Police Department is responsible for safety and security of Massachusetts citizens and upholding the laws of the Commonwealth and federal laws.

5. Defendant Michael Gomes, former Chief of New Bedford Police Department, who is responsible for pre-screening of prospective management and police officers, the preparation and or implementation of policies and procedures governing the duties and performances of supervisors and nonsupervisors personnel, and independant contractors, the management of the New Bedford Police Department. He is being sued in his official capacity as former Chief of New Bedford Poliice Department.

6. Defendant Paul Fonseca is a New Bedford Polcie Detective, who is responsible for the security and safety of all Massachusetts citizens and upholding Massachusetts State and U.S. Federal laws. He is being sued in his individual and official capacity as a Detective involved in the planning and execution of the search conducted at 190 Belleville St, New Bedford Ma

7. Defendant John Doe 1 is the SWAT Team Supervisor of the planning and execution of the search at 190 Belleville St New Bedford Ma. Who is responsible for the safety and security of Massachusetts citizens and upholding Massachusetts and Federal laws. He is being sued in his individual capacaity as the Supervisor of SWAT.

8. Defendnat John Doe 2 is a SWAT team member of the New bedford Police Department, who is responsible for the safety and security of all Massachusetts citizens and upholding of all Massachusetts and Federal laws. He is being sued in his individual capacity as team member that thrown the flash grenades into apt 1 of 190 Belleville St New Bedford Ma .

9. Defendant John Doe 3 is a SWAT team Memberof the New Bedford Police Department. Whos is responsible for the safety and security of all Massachusetts citizens and enforcement of all Massachusetts and Federal laws. He is being sued as a SWAT Team member in his individual capacity for the planning and execution of the search on Apt 1 of 190 Belleville St. New Bedford Ma.

10. Defendant Brock Morrissette is a Massachusetts State Trooper, who is responsible for the safety and security of all Massachusetts citizens. He is being sued in his individual capacity as a State Trooper for the unreasonable search conducted at 190 Belleville St New Bedford Ma.

11. Defendant John Doe 4 is a SWAT team member of the New Bedford Police Department, who is responsible for the safety and security of all Massachusetts citizens and enforcement of all Massachusetts and Federal laws. He is being sued in his individual capacity as as SWAT team member.

12. Defendant John Doe 5 is SWAT team member of the New Bedford Police Department, who is responsible for the safety and security of all Massachusetts citizens adn enforcement of all Massachusetts and federal laws. He is being sued in his individual capacity as a SWAT team member.

## STATEMENT OF FACTS:

13. According to search warrants affidavits filed, on or about October 10, 2017, New Bedford police officers had 190 Belleville under surviellance in the early evenings hours from 5-7 p.m. Defendants set up a parameter around the location to insure that their male suspect that resided at Apt 1 of 190 Belleville St would not evade capture.

14. Defendants Morrisette and Fonseca had taken the first apartment tenant, Ms. Mary Silva into custody while they secured a search warrant to secure evidence for a homicide. Defendants informed Ms. Silva that had in fact secured a warrant to search her premise and secured Ms. Silva's key to enter into the premises.

15. Plaintiff Jones had been observing the surviellance through her window. At no time did the male suspect enter the premises of 190 Belleville St between 4 p.m and 7 p.m.

16. The search warrant secured by Defendants Morrisette and Fonseca limited the search to be conducted in the day time and not at night. Defendants Morrisette, Fonseca, and John Does 1-5 did not attempt to ping the suspects phone to determine whether he was in the 190 Belleville St residence nor attempted to have Ms. Silva call or obtained closer surviellance by an undercover to determine if anyone was in the apartment during the planning and execution of the search warrant.

17. On October 10, 2017, approximately 7.p.m at night, Defendants Morrisette, Fonseca, John Does 1-5 announce themselves and attempted to bang in the door of Apt. 1 while flash grenades were thrown into the housing apartment #1. igniting the place on fire.

18. Because Defendant Jones had been spotted observing the surviellance officers from her window Defendants John Does 1-5

proceeded to her place. When Plaintiff open the door, an officer identified her and Defendants entered her premises to conduct a search without her permission or consent.

19.  Defendants swept through her residence and proceeded back downstairs without acknowledging what they did or indicating what they was looking for at all.

20.  The smoke alarms went off throughout the premises leaving Plaintiff and her son to evacuate their residence until the fire department arrived. The fire had moved from the first floor to the third floor before eventually be exstinguished.

21.  Once the fire was put out the entire building was considered condemmed in which the house owner had to board up the following day. All Plaintiffs personal property from furniture, TVs, bedroom mattress, clothes, appliances, and food had caught on fire, damaged by dark soot and water to put out the fire, forcing Plaintiff and her son to be homeless for several months requiring them to stay in a shelter.

22.  Plaintiff's complete loss sent her into deep agonizing depression that forced her and her son into counselling.

23.  Defendants Morrisette, Fonseca, John Does 1-5 deployment of flash grenades was excessive force and unreasonable considering that no one was in the residence nor any surviellance captured anyone fleeing.

24.  Defendant Morrisett, Fonseca, John Does 1-5 false representation of a small fire without identifing the source or cause of it and subsequent reports indicating their homicide suspect had in fact been seen earlier entering the premises was false reporting to conceal the neligence and unwarranted act of deploying the flash grenades.

## CAUSE OF ACTION:

**COUNT I.**  **42 USC §1983 VIOLATIONS OF THE FOURTH AND EIGHT AMENDMENT TO THE U.S. CONSTITUTION**

Plaintiff hereby incorporates by reference paragraphs 1-24 of this complaint herein below:

25.  Defendants Morrisette, Fonseca, John Does 1-5 violated Plaintiff Jone's 4th and 8th amendment rights to the U.S. Constitution in failing to take care in the planning and execution of the search of 190 Belleville Road Apt.1 resulting in the unreasonable deployment of flash grenades despite no one being in the premises, having the keys to enter, and exceeding the search warrant limitations not to be served at night.

26. As a direct and proximate cause of the Defendants failures and unnecessary deployment of flash grenades, Plainitff Jones sufferred damages, including but not limited to, destruction of personal property, displacement, suffering conscious pain and impairment to earning capacity.

27. As a further result of the Defendants' wrongful conduct, Plaintiff sustain emotional distress, loss of consortium, and other damages.

### COUNT II. 42 USC § 1983 VIOLATIONS OF THE FOURTH AND EIGHTH TO THE U.S. CONSTITUTION

Plaintiff hereby incorporates by refernce paragraphs 1-27 of this complaint herein below:

28. Defendants Morrisette, Fonseca, John Does 1-5 violated Plaintiff Jone's 4th and 8th amendment rights to the U.S. Constitution when conducting an unreasonable and excessive search resulting in the unnecessary deployment of flash grenades on the premises of 190 Belleville Road. Apt.1

29. As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff sufferred damages, including but not limited to personal property damages, conscious of pain, suffering and impairment to eraning capacity.

30. As a further result of the Defendants' wrongful conduct, Plaintiff sustained emotional distress, loss of consortium and other damages.

31. As further result of Defendants wrongful conduct, Plaintiff's wrongful conduct, Plaintiff sustained economic damages to be determined.

### COUNT III. 42 USC § 1983 CONSPIRACY VIOLATIONS BY DEFENDANT

Plaintiff hereby incorporates by reference the following paragraphs 1-31 of this complaint herein below:

32. Defendant Morrisett, Fonseca and John Does 1-5 did conspire to deprive Plaintiff Jones equal protection rights under the law, and privileges and immunities to which she is entitled under, the constitution, and from unreasonable and execssive force under the 4th amendment to the U.S. Constitution. When Defendants attempted to conceal their wrongful coduct by omitting the cause of the fire at 190 Belleville Road Apt.1 and extent of damages to the entife house cause by the fire in order to prevent any liability against themselves.

33. As a direct and proximate cause of Defendants conspiracy to deprive Plaintiff of her property through underreporting the incident , Plaintiff sufferred damages of emotional distress , loss property and displacement of home, impairment of earnings and sustained economic damages to be determined.

**COUNT IV. <u>42 USC § 1983 VIOLATIONS OF FOURTH AMENDMENT TO THE U.S. CONSTITUTION</u>**

Plaintiff hereby incorporates by reference paragraphs 1-33 of this complaint herein below:

34. Defendants Morrisette, Fonseca, and John Does 1-5 violated Plaintiff Jones 4th amendment right to the U.S. Constitution in conducting an unlawful search of her premises without her consent or search warrant.

35. As a direct and proximate cause of Defendants' wrongful conduct Plaintiff and her three children post traumatic stree syndrome and emotional distress.

**COUNT V. <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

Plaintiff hereby incorporates by reference paragraphs 1-35 herein below:

36. Defendants' Morrisette, Fonseca, and John Does 1-5 violated Plaintiff Jones 4th amendment rights to the U.S. Constitution in conducting unlawful search of Plaintiff's premises located at 190 Belleville Road .Apt 3. &  seizing her and her children in order to conduct the search without a warrant or consent.

37. As a direct and proximate cause of Defendants' wrongful conduct were outrageous and extreme beyond all bounds of decency and utterly intolerable in a civilized community. Resulting in Plaintiff and her children sufferring from post traumatic stress syndrome, emotional distress and humillation and embarrassment.

**COUNT VI. <u>MUNICIPALITY LIABILITY AGAINST THE COMMONWEALTH AND ITS AGENTS FOR ROUTINE PRACTICES WITHOUT CLEAR POLICY DIRECTION ABOUT WHEN DEPLOYMENT OF FLASH GRENADES ARE</u>**

Plaintiff hereby incoporates by reference paragraphs 1-37 of of this complaint herein below:

38.   Defendants Michael Gomes, Daniel Bennett, Commonwealth of Massachusetts through its routine practices of not setting specific criterias for when flash grenades are deployed in citizens homes have allowed for its repeated abuse that led to plaintiff Jone's property being destroyed by fire, soot, and water damages from putting the fires out and diplacement of Plaintiff and her children.

39.   As a direct and proximate cause of the Defendants' wrongful conduct, Plaintiff has suffered damages including but not limited to loss of personal property, emotional distress, impairment of earning capacity.

40.   As further result of Defendants wrongful conduct, Plaintiff sustained economic damages to be determined. Defendants are being sued in their official capacity pursuant to 42 USC § 1983.

**COUNT VI.   TRESPASS OF CHATTLE AND CONVERSION OF PROPERTY**

Plaintiff hereby incorporates by reference paragraphs 1-40 of this complaint herein below:

41.   Defendants Morrisette, Fonseca, and John Does 1-5 trespassed of chattle and conversion of Plaintiff's personal property when Defendants unnecessarily deployed a flash grenades in Apt 1 of 190 Belleville Road which ignited a fire that spreaded throughout the other units destroying Plaintiff's personal property by fire, soot and water damages in her apartment #3.

42.   As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff loss all her personal property and suffered displacement, impairedment to earning capacity and emotional distress.

43.   As further result of the Defendants' wrongful conduct, Plaintiff sustained economic damages to be determined .

**PRAYERS OF RELIEF:**

Wherefor, Plaintiff JoAnn Jones humbly request the following prayers for judgement against Defendants, jointly and severally, :

1.   An Award of compensatory damages in the amount of $100,000;

2.   Award of punitive damages and or / exemplary damages in the amount of $100,000

3.   Award of prejudgement interest, reasonable attorney fees, expenses, and cost pursuant to 42 USC § 1988 and other applicable laws; and

4. For such other relief as the Court considers just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff Jones demand a trial by jury on all accounts.

Respectfully Submitted
Pro-se

Dated: September 29, 2020

*JoAnn Jones*
Ms. JoAnn Jones
66 Rockaway St. Apt.3
Lynn Ma 02190

VERIFICATION OF COMPLAINT:
I, JoAnn Jones verify that I did not read paragraphs 1-43 and they are true and accurate under the pains and penalties of perjury to the best of my recollection.

Signed

Dated: September 29, 2020   *JoAnn Jones*